OPINION *Page 2 
{¶ 1} The delinquent child-appellant, Mario Barrett ("Barrett") appeals from the April 23, 2007 Judgment of the Court of Common Pleas, Juvenile Division of Allen County, Ohio, ordering that he be committed to the Ohio Department of Youth Services ("DYS") for institutionalization for an indefinite term of one year to a maximum period not to exceed his attainment of the age of twenty-one.
 {¶ 2} Barrett had previously been living with his grandmother along with his siblings. However, he had been removed from his grandmother's custody and placed in foster care. His three siblings, including his brother Marchallo Barrett ("Marchallo") remained in his grandmother's custody. Barrett was not to be at his grandmother's residence due to problems he had with another sibling.
 {¶ 3} This matter stems from events occurring in the early morning hours of January 1, 2007 when Barrett, his brother, and a number of other youths were outside talking near his grandmother's residence on Maurice Cobb's porch. During this time Barrett became engaged in a confrontation with Marchallo that culminated in Barrett stabbing Marchallo.
 {¶ 4} On January 5, 2007 a complaint was filed in the Juvenile Division of the Common Pleas Court alleging that Barrett was a delinquent child on the belief that he committed Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second *Page 3 
degree if committed by an adult. A denial was entered on behalf of Barrett on January 11, 2007.
 {¶ 5} A trial was held on April 18, 2007. The trial court found Barrett delinquent and committed him to DYS for a minimum term of one year.
 {¶ 6} Barrett now appeals asserting two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT'S VERDICT THAT APPELLANT WAS GUILTY OF FELONIOUS ASSAULT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
 SECOND ASSIGNMENT OF ERROR APPELEE'S [SIC] EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT THE VERDICT OF THE TRIAL COURT
 {¶ 7} We note at the outset that Barrett failed to object to the decision of the magistrate as required by Juv. R. 40(D)(3)(b)(iv) which states:
 Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).
While no objection was timely filed, in the interest of justice we choose to address Barrett's assignments of error.
 {¶ 8} For ease of discussion Barrett's first and second assignments of error will be addressed together. In his first assignment of error, Barrett claims that his convictions were not supported by the manifest weight of the evidence. Barrett also claims, in his *Page 4 
second assignment of error that his convictions were not supported by sufficient evidence.
 {¶ 9} Reviewing a challenge to the sufficiency of the evidence, requires this Court to examine the evidence in the light most favorable to the prosecution. In State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court set forth the sufficiency of the evidence test as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 10} Alternatively, when reviewing whether a verdict is against the manifest weight of the evidence, the appellate court must review the entire record, consider the credibility of witnesses, and determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 1997-Ohio-52.
 {¶ 11} It is important to remember that the credibility to be afforded the testimony of the witnesses is to be determined by the trier of fact.State v. Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763,1998-Ohio-234; State v. Frazier (1995), 73 Ohio St.3d 323,652 N.E.2d 1000, 1995-Ohio-235. *Page 5 
 {¶ 12} Specifically, Barrett argues that the trial court did not have sufficient proof of his age to retain jurisdiction over the case. However, the court specifically noted Barrett's age in an order issued on January 11, 2007 stating:
 Magistrate finds that the matter herein is within the jurisdiction of the Court by reason of: The child is 15 years old and the act occurred prior to his eighteenth birthday. The child has residence or legal settlement in Allen County, Ohio. The subject matter of the offense alleged in the complaint occurred in Allen County, Ohio.
Furthermore, at the commencement of trial, Barrett confirmed for the trial court that he was 16 years-old at the time of trial. (Tr.p. 3). Finally, the court also stated in its Judgment Entry of Commitment that "[t]he Court having instituted an investigation and having heard the evidence adduced and being fully advised in the premises finds that child was born on the 10th day of April 1991." The Court has sufficient evidence of Barrett's age before it to properly exercise its jurisdiction.
 {¶ 13} Looking at the charge of felonious assault, it is defined by R.C. 2903.11(A) such that "[n]o person shall knowingly do either of the following: (1) Cause serious physical harm to another or to another's unborn . . ." R.C. 2903.11.
 {¶ 14} In the present case, the juvenile court was presented with copious testimony regarding the night in question. Every party who testified, including Barrett's grandmother, another witness, two police officers, and Barrett testified that the stabbing of Marchallo was preceded by an argument between Barrett and Marchallo. The argument centered around Barrett's insult of his grandmother and Marchallo's defense of *Page 6 
her. Testimony varied concerning the scope of the argument and how volatile the argument became before the stabbing occurring. However, the preponderance of the testimony stated that Barrett and Marchallo had been having an altercation on the ground, wrestling around, before getting up when the stabbing occurred.
 {¶ 15} None of the testimony presented contradicted that Barrett had stabbed Marchallo. Furthermore, Barrett himself admitted to stabbing Marchallo. Barrett, however, contended at trial that the stabbing had been an accident that he had tripped off a curb, resulting in the stabbing of his brother and that also, the stabbing had been in self-defense. On cross-examination, Barrett contended that the stabbing was an accident that occurred in self-defense. Prior to trial, Barrett had been questioned by Investigator David Parker. Barrett originally contended that he had stabbed Marchallo in self-defense, telling Parker that he had purposely stabbed Marchallo with the knife.
 {¶ 16} Other than Barrett's own testimony, no witness testified that the stabbing was an accident or that it was necessary in self-defense. Only Barrett himself explains a scenario in which the stabbing was both accidental and in self-defense. And in fact, an eye-witness, Maurice Cobb, specifically contradicted Barrett's version of events, stating that he saw Marchallo get stabbed.
 Q. Did you see Mario strike Marchallo with his hand?
 A. Yes.
 Q. Which side of his chest was it on? Where did you see him strike?
 A. Right here.
 Q. You're motioning. Would that be Marchallo's right side?
 A. Yes. *Page 7 
 Q. After you saw Mario strike Marchallo on the right side, what happened? A. Marchallo bent down to the ground and said he got stabbed.
(Tr.p. 42).
 {¶ 17} Marchallo's medical records were stipulated to at the commencement of trial. These records explained the scope of Marchallo's injury, including a punctured right lung and damage to his liver. Also introduced were Marchallo's bloody clothing, as well as the knife used in the stabbing. From all of the testimony given at trial, it was reasonable for the trial court as trier of fact to conclude that Barrett knowingly stabbed his brother, resulting in serious physical harm and therefore that the essential elements of felonious assault were proven beyond a reasonable doubt. Furthermore, we cannot say that the trial court lost its way in considering and weighing the evidence presented.
 {¶ 18} Accordingly, Barrett's first and second assignments of error are overruled. Based on the foregoing, the judgment of the Common Pleas Court, Juvenile Division, of Allen County, Ohio is affirmed.
Judgment affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. *Page 1